**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **GILBERTO ANTONIO GONZALEZ MURILLO,**<br><br>**Petitioner,**<br><br>**v.**<br><br>**WARDEN, DELANEY HALL DETENTION FACILITY, et al.,**<br><br>**Respondents.** | **Civil Action No. 26-13949 (SDW)**<br><br>**OPINION** |

**IT APPEARING THAT:**

1. Presently before this Court is the petition for writ of habeas corpus under 28 U.S.C. § 2241 ("Petition") by Petitioner Gilberto Antonio Gonzalez Murillo, who is presently detained by Immigration and Customs Enforcement ("ICE") in the Delaney Hall Detention Facility, New Jersey ("Delaney Hall"). (ECF No. 1).

2. Petitioner is a native of Colombia and a citizen of Spain. (ECF No. 6-2 at 2). He entered the United States pursuant to the Visa Waiver Program ("VWP") on April 5, 2019. (*Id.*) He was authorized to remain in the country through July 3, 2019 but did not depart at this time. (*Id.*)

3. Petitioner was detained by ICE on October 3, 2026. (ECF No. 6-3 at 3).

4. ICE processed Petitioner as a VWP violation and filed a final administrative removal order. (ECF No. 6-1 at 2).

5. This Petition followed on October 26, 2026. (ECF No. 1). Petitioner argued that ICE never provided the statutory basis for detention. (*Id.* ¶¶ 19-20).

6. Respondents assert that Petitioner is properly detained pursuant to 8 U.S.C. § 1187(c)(2)(E) as he violated the VWP conditions. (ECF No. 6 at 1-2). They argue in the alternative that detention is appropriate under § 1231(a). (*Id.* at 2-3).

7. Under 28 U.S.C. § 2241(c), habeas relief may be extended to a prisoner only when he "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). A federal court has jurisdiction over such a petition if the petitioner is "in custody" and the custody is allegedly "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *Maleng v. Cook*, 490 U.S. 488, 490 (1989).

8. Petitioner was detained within this Court's jurisdiction and by a custodian within this Court's jurisdiction when he filed the Petition, and he asserts that his continued detention violates due process. Therefore, this Court has habeas jurisdiction over his claims. *Trump v. J. G. G.*, 604 U.S. 670, 672 (2025) (per curiam) (noting jurisdiction for "core habeas petitions" lies in the district of confinement).

9. Respondents argue that Petitioner is being detained pursuant to 8 U.S.C. § 1187(c)(2)(E) as he violated the VWP conditions. (ECF No. 6 at 1-2).

10. Courts in this District have concluded that § 1187 does not give Respondents the authority to detain noncitizens. *See, e.g., Molina v. Soto*, No. 25-cv-16880, 2025 WL 3281820, at *2 (D.N.J. Nov. 25, 2025) ("The text of § 1187(c)(2)(E) says nothing about [ICE's] authority to arrest and detain a person who has overstayed under the VWP."); *Gjergj G. v. Edwa*rds, No. 19-cv-5059, 2019 WL 1254561 at *2 (D.N.J. Mar. 18, 2019). "[T]he only language in [§ 1187] as to detention stated that the statute was intended *not* to create any right or duty regarding the 'removal or release' of detained" noncitizens. *Emila N. v. Ahrendt*, No. 19-cv-5060, 2019 WL 1123227, at *2 (D.N.J. Mar. 12, 2019) (emphasis in original) (quoting 8 U.S.C. § 1187(c)(2)(E)).

11. This Court is persuaded by these courts' reasonings and finds that § 1187 does not authorize Petitioner's detention.

12. Respondents argue in the alternative that Petitioner is subject to mandatory detention pursuant to 8 U.S.C. § 1231 as he has a final administrative order of removal. (ECF No. 6 at 2-3).

13. "In the deportation context, a final order of removal is a final order concluding that the noncitizen is deportable or ordering deportation." *Nasrallah v. Barr*, 590 U.S. 573, 579 (2020) (cleaned up). "[F]inal orders of removal may not be reviewed in district courts, even via habeas corpus, and may be reviewed only in the courts of appeals." *Id.* at 580.

14. The order of removal asserts that Petitioner's status as a VWP violator means his "order is final and not subject to administrative appeal," and that the Department of Homeland Security "will proceed with your removal ... unless a court order is issued to stay your removal or an application for asylum, withholding or deferral of removal is pending before the ... Executive Office for Immigration Review." (ECF No. 6-1 at 2.)

15. Petitioner does not appear to have a pending asylum application, so the order of removal is final. (ECF No. 6-3 at 3). Petitioner is subject to §1231's detention provisions.

16. Section 1231 states in relevant part that "when [a noncitizen] is ordered removed, the Attorney General shall remove the [noncitizen] from the United States within a period of 90 days (in this section referred to as the 'removal period')." 8 U.S.C. § 1231(a)(1)(A). This 90-day detention is mandatory. *See Zadvydas v. Davis*, 533 U.S. 678, 683 (2001) ("While removal proceedings are in progress, most [noncitizens] may be released on bond or paroled. After entry of a final removal order and during the 90-day removal period, however, [noncitizens] must be held in custody." (internal citation omitted)).

17. "The removal period begins on the latest of the following: (i) The date the order of removal becomes administratively final. (ii) If the removal order is judicially reviewed and if a court orders a stay of the removal of the [noncitizen], the date of the court's final order. (iii) If the [noncitizen]is detained or confined (except under an immigration process), the date the [noncitizen] is released from detention or confinement." 8 U.S.C. § 1231(a)(1)(B).

18. Petitioner's removal order became administratively final on October 3, 2026, putting him well within §1231's mandatory detention period.[1] Any restrictions on Petitioner's location will be lifted.

19. An appropriate order follows.

Hon. Susan D. Wigenton,
United States District Judge
Dated: November 20, 2026

[1] This Court notes that its decision is limited to the facts alleged in the Petition and expresses no opinion as to whether Petitioner may be able to make out a prolonged detention claim or other challenge to his detention in the future.